UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: DSC LTD.,

            Alleged Debtor/Appellee,

_____/

Case No. 05-72779
Honorable Patrick J. Duggan

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 19, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

This case comes to this Court as an appeal of a decision by the United States Bankruptcy Court for the Eastern District of Michigan, dismissing the involuntary bankruptcy petition against DSC Limited ("DSC").  Presently before the Court is DSC's motion to dismiss the appeal for lack of subject matter jurisdiction, filed August 26, 2005. The motion has been fully briefed by the parties and the Court issued a notice on October 18, 2005, indicating that it was dispensing with oral argument pursuant to Local Rule 7.1(e)(2).  For the reasons set forth below, DSC's motion to dismiss shall be denied.

**Procedural Background**

An involuntary bankruptcy petition was filed against DSC on January 27, 2005, pursuant to 11 U.S.C. § 303.  This petition was filed by the following entities: Prochemco, Inc. ("Prochemco"), Burke Rental, Inc. ("Burke"), Riverview-Trenton

1

Railroad Company ("Riverview"), Crown Enterprises, Inc. ("Crown"), PVS Technologies, PVS Nolwood Chemicals, Inc., and PVS Chemical Solutions (collectively "PVS").  An amended involuntary petition was filed on February 16, 2005, by Riverview, Crown and three new petitioners: Harry Miller Corporation ("Harry Miller"), Voest-Alpine Industries, Inc. ("Voest"), and Ebner Furnaces, Inc. ("Ebner")(collectively "petitioners").  Prochemco, Burke, and PVS did not join in the amended petition and thus no longer were parties to the bankruptcy action.  At some point in time, Harry Miller also withdrew as a petitioning party.

DSC filed an answer to the involuntary petition challenging, *inter alia*, the eligibility of the petitioners to file the petition.  DSC further asserted that the petition was not filed in good faith.

Following a trial, the Honorable Thomas J. Tucker issued an oral bench opinion on April 26, 2005, finding that the claims of Crown and Riverview against DSC were not in bona fide dispute and that, therefore, neither Crown nor Riverview were eligible petitioners.  *See* Mot. Ex. A at 56.  Because an involuntary petition must be filed by three or more eligible entities, 11 U.S.C. § 303(b)(1), Judge Tucker concluded that the petition against DSC must be dismissed.  *See id*. at 57.  Judge Tucker issued a written order on April 26, 2005, denying the petitioners' request for relief under Chapter 7 and dismissing the amended involuntary petition and the case.  *See id*. Ex. B.

In his bench opinion and written order, however, Judge Tucker "retain[ed] jurisdiction" to decide whether DSC was entitled to monetary relief pursuant to 11 U.S.C.

2

§ 303(i)[1] and/or sanctions pursuant to Rule 9011[2] of the Federal Rules of Bankruptcy Procedure.  While a hearing was scheduled to address issues relevant to those determinations, Judge Tucker had not conducted a hearing at the time of this appeal. Judge Tucker also did not issue an opinion with respect to the issue of damages under Section 303(i) or Rule 9011 at the time of appeal.[3]

Riverview and Crown filed this appeal of Judge Tucker's April 26, 2005 order on July 5, 2005.

## Applicable Law and Analysis

Pursuant to 11 U.S.C. § 158(a), as relevant to this case, the district courts have

---

[1]Section 303(i) provides:
> If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment–
> > (1) against the petitioners and in favor of the debtor for–
> > > (A)   costs; or
> > > (B)   a reasonable attorney's fee; or
> > (2) against any petitioner that filed the petition in bad faith for–
> > > (A)   any damages proximately caused by such filing; or
> > > (B)   punitive damages.

[2]Rule 9011 of the Federal Rules of Bankruptcy Procedure is substantially similar to Rule 11 of the Federal Rules of Civil Procedure.

[3]In fact, as of this date, it does not appear that a hearing has been scheduled or conducted or Judge Tucker has issued a decision with respect to damages under § 303(i) or Rule 9011.

jurisdiction to hear appeals "from final judgments, orders, and decrees" and "with leave of court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under 11 U.S.C. § 157." 11 U.S.C. § 158(a). Crown and Riverview did not seek leave of court prior to filing their appeal. Thus this Court's jurisdiction depends on whether Judge Tucker's decision on April 26, 2005, constitutes a "final order" of the bankruptcy court.

DSC argues that Judge Tucker's decision is not a final order because he specifically retained jurisdiction to decide the outstanding issue of whether Crown and Riverview acted in good faith in filing the involuntary bankruptcy petition. Crown and Riverview argue that the decision which dismissed the petition and case is a final order, despite the fact that Judge Tucker retained jurisdiction to determine whether DSC is entitled to damages, costs, and fees under Section 303(i) or Rule 9011. The Court agrees with Crown and Riverview.

As an affirmative defense to the bankruptcy petition, DSC asserted that the petition was not filed in good faith and therefore should be dismissed. Judge Tucker concluded, however, that the petition should be dismissed because Crown and Riverview were not "qualifying petitioning creditors" and, without these entities, there were insufficient qualifying petitioning creditors to satisfy Section 303(b)(1). *See* Mot. Ex. A at 56-57. As Judge Tucker stated, it therefore was not necessary for him to address whether the petitioners acted in good faith to determine whether the petition should be dismissed:

> Now, that decision and my ruling so far makes it unnecessary

4

> in my view to determine and decide whether the merits are the
> claim by – are an affirmative defense by DSC that the
> involuntary petition was– or amended involuntary petition
> were filed or pursued in bad faith by Crown or [Riverview] or
> others.
>
> It's not necessary to reach the merits of that defense in order
> to dismiss – determine that I must dismiss this involuntary
> bankruptcy petition.  So I do not decide that issue with respect
> to the question of whether relief should be granted or – or an
> order for relief should be entered or the petition should be
> dismissed.

*See id.* at 57.  Judge Tucker went on to state, however, that the issue of bad faith remained relevant with respect to DSC's request for sanctions based on Section 303(i).  *See id.*

The Sixth Circuit, like many Circuit Courts, views the finality requirement of Section 158(a) in a "functional" and "pragmatic" way.  *In re Dow Corning Corp.*, 86 F.3d 482, 488 (6th Cir. 1996)(citing *In re Cottrell*, 876 F.2d 540, 541 (6th Cir. 1989)).  Thus, "where an order in a bankruptcy case 'finally disposes of discrete disputes within the larger case,' it may be appealed immediately."  *Id.* (quoting *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir. 1983)).  Stated differently, the Sixth Circuit "has held that an order that conclusively determines a separable dispute over a creditor's claim is a final order for purposes of appeal if it is a 'final determination of the rights of the parties to secure the relief they seek in the suit.'"  *In re Production Steel, Inc.*, 55 F.3d 1232, 1235 (6th Cir. 1995)(quoting *In re Vause*, 886 F.2d 794, 797 (6th Cir. 1989)).

Judge Tucker's April 26, 2005, opinion and order provides a final determination with respect to the involuntary petition against DSC.  In his opinion and order, Judge

Tucker held that the petition must be dismissed because it was commenced by less than three eligible petitioners. The only issue remaining for the bankruptcy court to decide is DSC's discrete request for relief for fees, costs, and/or damages pursuant to Section 303(i).  The Court concludes that the bankruptcy court's failure to resolve DSC's request does not render non-final his decision to dismiss the bankruptcy petition.  This conclusion is consistent with the "bright-line" rule established by the Supreme Court with regard to the finality of decisions on the merits when sanction issues remain pending.

In *Budinich v. Becton Dickinson & Company*, 486 U.S. 196, 202-03, 108 S. Ct. 1717 (1988), the Supreme Court held that a decision on the merits was "a 'final decision' for purposes of [28 U.S.C.] § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case."[4]  Following *Budinich*, the Circuit Courts (including the Sixth Circuit) have concluded that appeals are final despite unresolved issued relating to sanctions.  *See, e.g., Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003); *Brown v. Francis*, 75 F.3d 860, 864 n.3 (3d Cir. 1996); *Turnbull v. Wilcken*, 893 F.2d 256, 257 (10th Cir. 1990)(holding that order fully resolving all substantive issues on the merits was a final judgements even though certain issues regarding the award of damages remained unadjudicated); *Cleveland v. Berkson*, 878 F.2d 1034, 1036 (7th Cir. 1989)(holding that order dismissing case "in its entirety" based on the statute of limitations and a finding of no allegation of state action to support claims was final,

---

[4]The parties agree that the concepts of finality applicable to Section 1291also are applicable to Section 158.  *See* Mot. at 5; Resp. at 5.

appealable order, despite pending motion for Rule 11 sanctions). Particularly relevant to the pending case is the Ninth Circuit's decision in *In re Sweet Transfer & Storage, Inc.*, in which the court held that the bankruptcy court's order dismissing an involuntary petition was final and appealable, even though the debtor included a "counterclaim" for damages pursuant to Section 303(i) in its answer. 896 F.2d 1189, 1191 (1990); *see also Dyer v. Lindblade*, 322 F.3d 1178, 1186 (9th Cir. 2003)(noting in bankruptcy case involving sanctions for violating automatic stay that "any lack of finality with respect to the sanction issue would not defeat our jurisdiction over the merits . . .")

DSC cites a number of cases in its argument that Judge Tucker's decision on the merits is not a final order because an assessment of damages remains to be resolved. *See* Mot. at 6-8. Those cases are distinguishable, however, because they involved appeals of the bankruptcy courts' decisions finding a violation of the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362, prior to the courts' determination of the damages to be awarded to the debtor under Section 362(h) as a result of the violation. Those damages were not a separable dispute from the issue of whether there was a violation of the automatic stay. In the present case, however, there are no damages to be assessed with respect to the involuntary bankruptcy petition which has been denied and dismissed. DSC's request for damages is a separate claim for relief.

The Court therefore holds that Crown's and Riverview's appeal is properly before this Court pursuant to Section 185(a). Accordingly,

**IT IS ORDERED**, that the Debtor's motion to dismiss appeal is **DENIED**.

                                                                               _____
                                                                               s/PATRICK J. DUGGAN
                                                                               UNITED STATES DISTRICT JUDGE

Copies to:
K. Scott Hamilton, Esq.
Mark Shapiro, Esq.
Karin Avery, Esq.